IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. WMN 12 CV 3565 |
| $11,503 in U.S. CURRENCY, | : |
| Defendant. | : |

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against United States currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANTS *IN REM*

2. The defendant property consists of $11,503 in U.S. Currency (hereinafter, the "Defendant Property").

3. The Defendant Property was seized on July 3, 2012, from Charles Allen Wilson, 2643 Norland Avenue, Baltimore City, pursuant to the execution of a search and seizure warrant in the State and District of Maryland.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5. This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Corey Landing, Task Force Officer of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE**, THE Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Property;

3. That Judgment of Forfeiture be decreed against the Defendant Property;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Property according to law;

5. That the Plaintiff has such other and further relief as the case may require.

Dated: December 4, 2012

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

Stefan D. Cassella
Assistant United States Attorney
John J. Truex Chung, Esq.
Senior Law Clerk
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

## **DECLARATION**

This affidavit is submitted in support of a complaint for forfeiture of $11,503 in United States currency seized on July 3, 2012.

I, Corey Landing, Task Force Officer with the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $11,503 in United States currency seized on July 3, 2012, constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. During the month of June 2012, Baltimore City Police Officer David MacNeill initiated a controlled dangerous substance (CDS) investigation involving Charles Allen WILSON, who distributes illegal prescription drugs, mainly Xanax, Oxycodone, and Percocet, in the Southern District of Baltimore, Maryland.

b. As a result of the investigation, Officer MacNeill obtained a signed state search and seizure warrant for 2643 Norland Avenue, Baltimore, Maryland.

c. On July 3, 2012, at approximately 1:00 p.m., officers executed a search and seizure warrant at 2643 Norland Avenue, Baltimore, Maryland.

d. Upon entry, officers located a minor child in the living room. Seconds later, officers located and secured WILSON, Lashay WILLIAMS, and a minor child in the second floor bedroom.

e. All occupants, including WILSON, were transported to the living room, where they were advised of their Miranda rights.

f. Seconds later, in conversation with WILLIAMS, WILSON stated "they will never find it."

g. Shortly thereafter, officers conducted an orderly search of the residence.

h. Officers located and seized $11,503 in U.S. currency hidden inside the pocket of a sweatshirt in the second floor bedroom closet.

i. Officers located and seized a Smith & Wesson .38 special handgun with five live rounds of ammunition inside the floor vent in WILSON's bedroom.
j. Officers notified WILSON that they recovered a handgun in WILSON's bedroom, and WILSON accepted responsibility for the handgun recovered in the bedroom.
k. Officers located and seized a knotted plastic bag containing twenty yellow oval pills suspected Xanax, a silver digital scale with white residue suspected cocaine, a plastic bag containing a large amount of packaging material, razor blades with white residue suspected cocaine, and a small ziplock bag containing a white rock substance suspected cocaine, inside a dresser drawer in WILSON's bedroom.
l. Officers located and seized a knotted plastic bag containing seventeen blue oval pills suspected Xanax.
m. Officers located and seized a box containing five .380 auto rounds of ammunition.
n. Officers located and seized six white round pills suspected Oxycodone and Percocet.
o. Officers located and seized eight assorted handguns with ammunition, packaging material, cutting agents for illegal narcotics, and a razor blade with white residue suspected cocaine inside shopping bags underneath a gas grill in the basement.
p. Officers located and seized thirteen live .40 caliber rounds of ammunition and packaging material inside a rear closet in the basement.
q. Officers located and seized three dirt bikes in the basement.
r. At that time, officers arrested WILSON and transported him to the Southern District Police Station for debriefing.
s. After debriefing, WILSON was transported to the Baltimore City Central Booking Intake Facility (CBIF) and charged.
t. WILSON is currently incarcerated in CBIF on a $750,000.00 bail on the following criminal charges:
    (9) counts of firearms trafficking;
    (1) count of stolen firearm;
    (1) count of altering a firearm identification number;
    (1) count of theft under $10,000;
    (1) count of unlawful taking of motor vehicle and unauthorized taking of vehicle;
    (3) counts of CDS possession;

(1) count of CDS paraphernalia.

u. A criminal history check on WILSON revealed that WILSON has two prior criminal arrests: 12/22/09 – second degree assault (dismissed), and 4/12/07 – false statement to officer (probation before judgment).

v. An inquiry with the Maryland Department of Labor, Licensing and Regulation for WILSON revealed that WILSON has no record of income for 2011.

w. An inquiry with the Maryland Department of Labor, Licensing and Regulation for WILLIAMS revealed that WILLIAMS has no record of income for 2011.

x. The criminal case against WILSON is currently pending in the Circuit Court of Maryland in Baltimore, Maryland, under Circuit Court Case Number 112207007, 112207008, and 112207009.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND STATE POLICE, IN REFERENCE TO THE SEIZURE OF $11,503.00 U.S. CURRENCY FROM NOEL LAPORTE ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Corey Landing
Task Force Officer
Drug Enforcement Administration

## VERIFICATION

I, John J. Truex Chung, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: December 4, 2012

John J. Truex Chung
Senior Law Clerk

**MEMORANDUM**

DATE:            December 4, 2012

TO:              Kristine Cupp
                 U.S. Marshal Service

FROM:            Naquita C. Ervin
                 FSA Paralegal Specialist
                 U.S. Attorney's Office - District of Maryland

RE:              **U.S. v. $11,503 U.S. CURRENCY**

                 **Civil Action No.**

                 **CATS ID 12-DEA-567789 – GC-12-0164**

---

The United States has filed a forfeiture action against **$11,503 U.S. CURRENCY**. A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at **www.forfeiture.gov** pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.


Attachment

1

| U.S. Department of Justice | PROCESS RECEIPT AND RETURN |
|---|---|
| United States Marshals Service | |

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | WMN12CV3565 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| $11,503 U.S. Currency | Verified Complaint in Rem |

| SERVE AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| | GC-12-0164 / 12-DEA-567789 |
| | ADDRESS (Street or RFD, Apartment No., City, State, and ZIP Code) |

| SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW: | Number of process to be served with this Form - 285 | |
|---|---|---|
| Naquita C. Ervin, FSA Paralegal Specialist<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland 21201 | Number of parties to be served in this case | |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Address, All* Telephone Numbers, and Estimated Times Available For Service)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of: | TELEPHONE NUMBER | DATE |
|---|---|---|
| [signature] | 410-209-4800 | 12/4/12 |

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated.<br>(Sign only first USM 285 if more than one USM 285 is submitted) | Total Process<br>No. | District of Origin<br>No. | District to Serve<br>No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above *(See remarks below)*.

| Name and title of individual served *(If not shown above).* | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. | |
|---|---|---|
| Address *(complete only if different than shown above)* | Date of Service | Time<br>am<br>pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges *(including endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS:

PRIOR EDITIONS MAY BE USED     SEND ORIGINAL + 2 COPIES to USMS.
1. CLERK OF COURT  2. USMS Record  3. Notice of Service  4. Billing Statement  5. Acknowledgment of Receipt